UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY DALE BARGER, | No. 2:15-cv-0072 GEB KJN P |
| Plaintiff, | |
| v. | ORDER |
| CDCR, et al., | |
| Defendants. | |

Plaintiff is a state prisoner, proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

I. Motion for Leave to Proceed In Forma Pauperis

Review of court records[1] reveals that plaintiff is designated a "three strikes litigant" under 28 U.S.C. § 1915(g), which provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

---

[1] Judicial notice may be taken of court records. Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n.1 (N.D. Cal. 1978), aff'd, 645 F.2d 699 (9th Cir. 1981).

1

Such a designation indicates that plaintiff has brought three or more prior actions that were dismissed as frivolous, malicious, or for failure to state a claim, and precludes plaintiff from proceeding in forma pauperis in the present action unless he demonstrates that he was under imminent danger of serious physical injury when he filed the complaint.

The undersigned notes that plaintiff has been denied in forma pauperis status due to his three-strikes designation in at least six prior cases,[2] which together cite several cases in which plaintiff's complaints were dismissed as frivolous, malicious, or for failure to state a claim. This court has reviewed the basis of the findings in those cases and concurs that plaintiff has suffered at least three prior strike dismissals as defined by 28 U.S.C. § 1915(g).[3]

As a three strikes litigant, plaintiff may not proceed in forma pauperis in the present action unless he demonstrates that he was "under imminent danger of serious physical injury" when he filed his complaint. 28 U.S.C. § 1915(g). The imminent danger exception applies only if it is clear that the danger existed when the complaint was filed. Andrews v. Cervantes, 493 F.3d 1047, 1053 (9th Cir. 2007). The danger must be real and proximate, Ciarpaglini v. Saini, 352 F.3d 328, 330 (7th Cir. 2003), and must be ongoing, Andrews, 493 F.3d at 1056. Allegations of

---

[2] See Fisher v. Director of OPS of CDCR, No. 2:14-cv-1323 EFB TLN P (E.D. Cal., Aug. 5, 2014) (ECF No. 17); Barger v. Kern County Superior Court et al., No. 1:14-cv-01071 DLB P (E.D. Cal., Aug. 13, 2014) (ECF No. 12); Barger v. Kern County Superior Court et al., No. 1:14-cv-01667 LJO SAB P (E.D. Cal., Oct. 29, 2014) (ECF No. 11); Barger v. Kern County Superior Court et al., No. 1:14-cv-01628 LJO DLB P (E.D. Cal., Nov. 5, 2014) (ECF No. 10); Barger v. Director of OPS of CDCR, No. 2:14-cv-2525 KJN P (E.D. Cal., Nov. 12, 2014) (ECF No. 11); Barger v. CDCR, No. 2:14-cv-2311 TLN DAD P (E.D. Cal. Dec. 3, 2014) (ECF No. 10). The court also takes judicial notice of the National Pro Se Three-Strikes Database, which designates plaintiff a three-strikes litigant based on the above-noted order and findings in Fisher v. Director of OPS, No. 2:14-cv-1323 EFB TLN P (E.D. Cal., Aug. 5, 2014) (ECF No. 17). See http://nprose.circ9.dcn/Litigant.aspx.

[3] The undersigned takes judicial notice of the following cases which count as strikes against plaintiff under § 1915(g): (1) Fisher v. FBI, Case No. 1:13-cv-0414 LJO SAB P (E.D. Cal. 2013) (dismissed on July 26, 2013, for failure to state a claim (ECF No. 19)); (2) Barger v. FBI, Case No. 1:13-cv-0535 DLB P (E.D. Cal. 2013) (dismissed on November 21, 2013, for failure to state a claim (ECF No. 10)); (3) Barger v. Casey et al., Case No. 2:13-cv-8889 UA MAN P (C.D. Cal. 2013) (dismissed December 20, 2103, as frivolous, malicious or fails to state a claim, and sought relief from an immune defendant (ECF No. 6)); and (4) Fisher v. Bivens, Six Unknown Agents, Case No. 2:14-cv-01439 UA MAN P (C.D. Cal. 2014) (dismissed on March 6, 2014, for failure to state a claim (ECF No. 2)).

imminent danger that are overly speculative or fanciful may be rejected. <u>Id.</u> at 1057 n. 11. Absent a showing that plaintiff was under imminent danger of serious physical injury at the time he filed his complaint, his only option for proceeding with this action is to pay the full filing fee.

Plaintiff is currently incarcerated at the California Health Care Facility in Stockton. In the complaint now pending before the court, in the course of describing a number of events that have taken place since May 14, 2003, plaintiff states, "[T]hey still attempt to poison me with Zyprexa." (First Amended Complaint ("FAC"), ECF No. 19 at 4.) However, plaintiff does not elaborate on this statement in any way in the remainder of his complaint. As discussed further below, it is impossible to determine whether the complaint, taken as a whole, states a claim for relief; the court can neither discern who the defendants are nor what they are alleged to have done, and whether plaintiff is truly "under imminent danger of serious physical injury." Plaintiff does not specify what symptoms he is experiencing as a result of taking Zyprexa, and whether he believes he is being intentionally poisoned and by whom, or whether he has an allergy to Zyprexa, or whether he is suffering from the side effects of the medication, or whether he merely disagrees with his physicians as to his need for the medication. Even construing the allegation regarding Zyprexa liberally, <u>see</u> <u>Andrews</u>, 493 F.3d at 1055, the court cannot say, with any measure of certainty, that plaintiff has alleged that he was in imminent danger of serious physical injury at the time the FAC was filed. Accordingly, the court will defer ruling on plaintiff's request to proceed in forma pauperis until such time as plaintiff files an amended complaint.

II. <u>Screening Requirement</u>

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989); <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an

3

indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The court finds the allegations in plaintiff's FAC so vague and conclusory that it is unable to determine whether the current action is frivolous or fails to state a claim for relief. The court has determined that the FAC does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim. Id. Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the FAC must be dismissed. The court will, however, grant leave to file an amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980);

Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This requirement is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

III.  Request for Appointment of Counsel

Plaintiff requests that the court appoint counsel. District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily represent such a plaintiff. See 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

As plaintiff has failed to state a claim in the FAC, the court is unable to determine plaintiff's likelihood of success on the merits of his claims or the complexity of the legal issues involved.

////

Accordingly, having considered the factors under <u>Palmer</u>, the court finds that plaintiff has failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time.

IV. <u>Conclusion</u>

In light of the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's First Amended Complaint (ECF No. 19) is dismissed.

2. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Second Amended Complaint"; plaintiff must file an original and two copies of the amended complaint; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

3. Plaintiff's request for the appointment of counsel (ECF No. 16) is denied without prejudice.

Dated: April 23, 2015

/barg0072.14+31.new

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE